UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY M. FORDEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLERGAN PLC et al.,<br><br>Defendants. | Civil Action No.<br><br>16-9449 (SDW) (LDW) |
| LINA ARSLANIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLERGAN PLC et al.,<br><br>Defendants. | Civil Action No.<br><br>17-2 (SDW) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court are the motions of putative class members Miami Fire Fighters' Relief & Pension Fund (Civ. A. No. 16-9449, ECF No. 3; Civ. A. No. 17-2, ECF No. 2), Edward Santangelo (Civ. A. No. 16-9449, ECF No. 4; Civ. A. No. 17-2, ECF No. 3), Amalgamated Bank, as trustee for LongView Collective Investment Fund (Civ. A. No. 16-9449, ECF No. 5), Michael Wilson (Civ. A. No. 16-9449, ECF No. 6), Utah Retirement Systems and Fresno County Employees' Retirement Association (Civ. A. No. 16-9449, ECF No. 7; Civ. A. No. 17-2, ECF No. 4), the Northern Ireland Local Government Officers' Superannuation Committee (Civ. A. No. 16-9449,

ECF No. 8; Civ. A. No. 17-2, ECF No. 6), Strathclyde Pension Fund (Civ. A. No. 16-9449, ECF No. 9; Civ. A. No. 17-2, ECF No. 5), Sjunde AP-Fonden and Union Asset Management Holding AG (Civ. A. No. 16-9449, ECF No. 10), Brian Leggett and Bryson Holdings, LLC (Civ. A. No. 16-9449, ECF No. 11), William Quartuccio (Civ. A. No. 16-9449, ECF No. 12; Civ. A. No. 17-2, ECF No. 7), and Rick Ashman and Melvin Ashman (Civ. A. No. 16-9449, ECF No. 13), each seeking consolidation of these two actions and each seeking appointment of the movant (or movants) as lead plaintiff (or plaintiffs) in the consolidated action. As discussed below, several movants filed submissions supporting the appointment of movants Sjunde AP-Fonden ("AP7") and Union Asset Management Holding AG ("Union") as lead counsel. The only timely filed opposition was submitted by AP7 and Union, who opposed all other competing motions. Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, AP7 and Union's motion for consolidation of these actions, for appointment of the movants as lead plaintiffs, and for appointment of lead and liaison counsel is **GRANTED**. All other pending motions, except those explicitly withdrawn, are **DENIED**.

I.  **STANDARD AND ANALYSIS**

   a. **Consolidation**

Federal Rule of Civil Procedure 42 grants the Court discretion to consolidate actions that "involve a common question of law or fact" in order to economize proceedings and avoid duplicative efforts and potentially conflicting outcomes. Fed. R. Civ. P. 42(a); *see In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999), *amended by* 199 F.3d 158 (3d Cir. 2000). This Court has found in considering such a motion that "[t]he savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of separate actions." *Norfolk S. Ry. Co. v. N.Y. Terminals, LCC*, Civ. A. No. 14-cv-

7664 (WJM), 2016 WL 7338531, at *1 (D.N.J. Dec. 19, 2016) (quoting *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993)). It has also noted that consolidation is appropriate in securities actions specifically "where the complaints are based on the same public statements and reports, . . . there are common questions of law and fact and the defendants will not be prejudiced." *Garcia v. Intelligroup, Inc.*, Civ. A. Nos. 04-4980 (JCL), 04-5129 (JCL), 04-5133 (JCL), 04-5498 (JCL), 04-5922 (JCL), & 04-5923 (JCL), 2005 WL 6074922, at *2 (D.N.J. Aug. 10, 2005) (adopting report and recommendation of Magistrate Judge Mark Falk).

The Complaints in these two actions assert substantially the same claims. They both assert putative class actions on behalf of all persons or entities who acquired the securities of Allegan plc or Actavis plc between February 25, 2014 and November 3, 2016. (Compl., Civ. A. No. 16-9449, ECF No. 1, at 2, 28; Compl., Civ. A. No. 17-2, ECF No. 1, at 2, 9–10). The defendants in each action are essentially identical.[1] (*See* Civ. A. No. 16-9449, ECF No. 1; Civ. A. No. 17-2, ECF No. 1). Each action asserts claims for violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as rule 10b-5 promulgated thereunder. (Civ. A. No. 16-9449, ECF No. 1 at 2; Civ. A. No. 17-2, ECF No. 1 at 2). Furthermore, all movants have sought consolidation of these two actions, and no opposition to consolidation has been filed. Consequently, consolidation appears manifestly appropriate.

### b. Lead Plaintiff

As this is a securities class action, it is governed by the provisions of the Private Securities Litigation Reform Act of 1995 ("the PSLRA"). 15 U.S.C. § 78u-4(a)(1). The PSLRA directs that a court should appoint as lead plaintiff the movant "that the court determines to be most capable

---

[1] The *Arslanian* complaint additionally includes Actavis plc as a captioned defendant, but notes that Actavis plc "changed its corporate name to 'Allergan plc'" in June 2015. (Civ. A. No. 17-2, ECF No. 1 at 3). Allergan plc is the first-named defendant in each action.

3

of adequately representing the interest of class members" (termed the "most adequate plaintiff"). 15 U.S.C. § 78u-4(3)(B)(i). The PSLRA creates a presumption that the movant with the largest financial interest in the relief sought is the most adequate plaintiff. 15 U.S.C. § 78u-4(3)(B)(iii)(I); *see In re Cendant Corp. Litig.*, 264 F.3d 201, 262–63 (3d Cir. 2001); *Kelley v. Aerie Pharm., Inc.*, Civ. A. No. 15-3007 (AET), 2015 WL 4545654, at *1 (D.N.J. July 28, 2015); *MTB Inv. Partners, LP v. Siemens Hearing Instruments, Inc.*, Civ. A. No. 12-340 (SDW), 2012 WL 12899112, at *2–3 (D.N.J. May 18, 2012). This presumption may be rebutted, however, upon a showing that the movant "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defense that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(3)(B)(iii)(II); *MTB Inv. Partners*, 2012 WL 12899112 at *3. The PSLRA also requires that a lead plaintiff satisfy the requirements of Federal Rule of Civil Procedure 23, namely that its claims "are typical of the claims . . . of the class" and that it "will fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(3)(B)(iii)(I)(cc); Fed. R. Civ. P. 23(a).

AP7 and Union assert that their claimed losses of between $51.5 million and $55.1 million[2] make them the presumptive most adequate plaintiffs. (Mem. of Law in Supp., ECF No. 10-1,[3] at 2, 8; Gröttheim Certification, ECF No. 10-3; Fischer & Munz Certification, ECF No. 10-3; Cecchi Decl., Ex. B, ECF No. 10-4). AP7 and Union also contend that, as experienced lead plaintiffs and sophisticated institutional investors, their claims are typical of the class and they are well suited to represent class interests. (ECF No. 10-1 at 3, 9–10).

---

[2] AP7 and Union claim $51,553,254.00 in losses on a last-in, first-out basis or $55,073,084.00 on a first-in, first-out basis. (Civ. A. No. 16-9449, Mem. of Law in Supp., ECF No. 10-1, at 2, 8).

[3] All citations to AP7 and Union's motion papers will be to entries on the docket of *Forden*, Civ. A. No. 16-9449, unless otherwise noted.

Movants Miami Fire Fighters' Relief & Pension Fund and Amalgamated Bank submitted responses in support of the appointment of AP7 and Union as lead plaintiffs, acknowledging that AP7 and Union had the largest reported loss. (Civ. A. No. 16-9449, ECF Nos. 16, 21). Movants Santangelo, Wilson, Strathclyde Pension Fund, and Quartuccio withdrew their motions. (Civ. A. No. 16-9449, ECF Nos. 14, 15, 17, 19; Civ. A. No. 17-2, ECF Nos. 9, 10). Joint movants Leggett and Bryson Holdings, LLC filed a non-opposition, noting that they did not appear to have the largest financial interests. (Civ. A. No. 16-9449, ECF No. 18). Joint movants Utah Retirement Systems and Fresno County Employees' Retirement Association filed a response noting that they suffered the second-highest losses and expressing a willingness to act as lead plaintiffs, but acknowledging AP7 and Union's greater claim and expressly not opposing their motion. (Civ. A. No. 16-9449, ECF No. 20; Civ. A. No. 17-2, ECF No. 11). The remaining movants filed no more submissions, and the only opposition to any motion was filed by AP7 and Union, who opposed the competing motions. (Civ. A. No. 16-9449, ECF No. 22).

Thus, the great majority of movants concede that AP7 and Union's claims are the largest, and there is no indication that any other plaintiff's claim would exceed that of AP7 and Union.[4] Accordingly, AP7 and Union are the presumptive most adequate plaintiffs under 15 U.S.C. § 78u-4. There is no evidence before the Court to rebut this presumption by suggesting that AP7 and Union could not adequately protect class interests or that they would be subject to unique defenses. Indeed, the majority of other movants concede that AP7 and Union can adequately represent their interests. Additionally, it appears that AP7 and Union have claims that are typical of the putative

---

[4] The Northern Ireland Local Government Officers' Superannuation Committee asserted a loss of $1,532,303.00. (Mem. of Law in Supp., Civ. A. No. 16-9449, ECF No. 8-1, at 3). The Ashman movants asserted a collective loss in the range of $100,000 to $120,000. (Mem. of Law in Supp., Civ. A. No. 16-9449, ECF No. 13-1, at 2).

class, in that they suffered the same alleged injuries, allegedly as a result of the same conduct, and assert the same claims. *See MTB Inv. Partners*, 2012 WL 12899112 at *3. AP7 and Union seem to have demonstrated an ability to represent class claims vigorously, and there is no indication of any conflict with other class members, thus indicating that they will be able to fairly and adequately represent the interests of the class as required under Federal Rule of Civil Procedure 23. *See id.* Accordingly, AP7 and Union have met their burden on their motion for appointment as lead plaintiffs.

### c. Lead Counsel

The PSLRA permits the lead plaintiff in securities litigation to select lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). AP7 and Union assert that their choice of Kessler Topaz Meltzer & Check LLP and Motley Rice LLC as co-lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC as liaison counsel is justified by each firm's extensive experience in securities litigation and in those specific roles. (ECF No. 10-1 at 13–16). No party has opposed the selection of these firms by AP7 and Union, and several plaintiffs have specifically supported their appointment. (*See* Civ. A. No. 16-9449, ECF Nos. 16, 19, 21). The Court agrees that these firms have the requisite experience to represent lead plaintiffs adequately. Thus, the Court approves AP7 and Union's chosen counsel.

## II. CONCLUSION

For the reasons stated above, the motion of Sjunde AP-Fonden and Union Asset Management Holding AG (Civ. A. No. 16-9449, ECF No. 10), seeking consolidation of these actions, their appointment as lead plaintiffs, and appointment of their counsel as lead and liaison counsel, is **GRANTED**.

The motions of Miami Fire Fighters' Relief & Pension Fund (Civ. A. No. 16-9449, ECF No. 3; Civ. A. No. 17-2, ECF No. 2), Amalgamated Bank (Civ. A. No. 16-9449, ECF No. 5), Utah Retirement Systems and Fresno County Employees' Retirement Association (Civ. A. No. 16-9449, ECF No. 7; Civ. A. No. 17-2, ECF No. 4), Northern Ireland Local Government Officers' Superannuation Committee (Civ. A. No. 16-9449, ECF No. 8; Civ. A. No. 17-2, ECF No. 6), Leggett and Bryson Holdings, LLC (Civ. A. No. 16-9449, ECF No. 11), and Rick Ashman and Melvin Ashman (Civ. A. No. 16-9449, ECF No. 13), to the extent not implicitly withdrawn, are **DENIED**.

The motions of movants Santangelo (Civ. A. No. 16-9449, ECF No. 3; Civ. A. No. 17-2, ECF No. 3), Wilson (Civ. A. No. 16-9449, ECF No. 6), Strathclyde Pension Fund (Civ. A. No. 16-9449, ECF No. 9; Civ. A. No. 17-2, ECF No. 5), and Quartuccio (Civ. A. No. 16-9449, ECF No. 12; Civ. A. No. 17-2, ECF No. 7) are deemed **WITHDRAWN**.

Consequently, the Clerk of the Court is directed to **TERMINATE** the motions filed in Civ. A. No. 16-9449 as ECF Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 and the motions filed in Civ. A. No. 17-2 as ECF Nos. 2, 3, 4, 5, 6, and 7.

It is further **ORDERED** that counsel shall confer and shall file a joint letter on or before **February 17, 2017** advising of the next steps proposed to be taken in this litigation.

Dated: February 1, 2017

                                                                            **Leda Dunn Wettre**
                                                   **United States Magistrate Judge**

Original:    Clerk of the Court
    cc:        Hon. Susan D. Wigenton, U.S.D.J.
                All Parties