

**Shannon E. McClure**
Direct Phone: +1 215 851 8226
Email: smcclure@reedsmith.com

Reed Smith LLP
Suite 3100
Three Logan Square
1717 Arch Street
Philadelphia, PA 19103
reedsmith.com

October 25, 2018

***VIA ECF***

The Honorable Katharine S. Hayden
United States District Court
Frank R. Lautenberg U.S. P.O. & Courthouse
2 Federal Square, Room 311
Newark, New Jersey 07102

**Re: In Re Allergan Generic Drug Pricing Securities Litigation**
**Civil Action No.: 2:16-cv-09449**

Dear Judge Hayden:

On October 22, 2018, counsel for Lead Plaintiffs wrote to inform the Court of a decision in the Eastern District of Pennsylvania in which the defendants' motions to dismiss price-fixing claims were denied in part. *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, 2018 WL 5003450, -- F. Supp. 3d -- (E.D. Pa. Oct. 16, 2018) ("MDL Opinion"). Plaintiffs provide no explanation as to how that antitrust ruling supports their securities fraud claims in this action, and it does not.

The antitrust claims at issue in the MDL Opinion have different elements, reviewed under a different pleading standard, than the securities fraud claims at issue here. Thus, the Court in the MDL Opinion never addressed whether the allegations in that case would support a finding that anyone at Allergan misled investors (*i.e.* falsity), intended to mislead investors (*i.e.* scienter), or harmed investors (*i.e.* loss causation)—all required elements here, and each of which Plaintiffs fail to adequately plead for the reasons Defendants have detailed in their motion to dismiss. Dkt. 87-1, at 13-36. Furthermore, the allegations in the MDL were evaluated merely under a plausibility standard, 2018 WL 5003450, at *16, and not the more stringent "particularity" standard that governs here. *Gordon Gamm, et al. v. Sanderson Farms, Inc.*, 2018 WL 1319157, at *3 (S.D.N.Y. Jan. 19, 2018) ("Plaintiffs must plead the facts of the alleged conspiracy with particularity.") (internal quotation marks omitted); Dkt. 96, at 5.

At most, the MDL Opinion indicates that the plaintiffs in that action adequately alleged that *someone* at Actavis *may* have engaged in price-fixing as to one of the drugs at issue in this case.[1] But the Third Circuit has dismissed securities fraud claims where price-fixing has been confirmed—not

[1] Of the six generic drugs at issue in this case, the MDL Opinion addresses only Doxycycline Hyclate regular release. The MDL Opinion, which is irrelevant to Plaintiffs' securities fraud claims in any event, thus has no possible bearing on the claims pertaining to the remaining five drugs included in the complaint.

merely alleged—upon concluding that one or more of the required elements of securities fraud was lacking. *See*, *e.g.*, *City of Roseville Employees' Ret. Sys. v. Horizon Lines, Inc.*, 442 F. App'x 672, 676-77 (3d Cir. 2011) (affirming dismissal for lack of scienter despite fact that, unlike here, employees pled guilty to price-fixing that, unlike here, "affected a substantial portion of [defendant's] business"). Thus, even if the allegations in the MDL were true—and there has been no such finding—they would supply no basis for avoiding dismissal here.

Defendants have submitted letters identifying supplemental authorities in which courts have dismissed *securities fraud claims* involving alleged misrepresentations related to purported price-fixing in the generic drug market.[2] Those decisions are far more on point in relation to the present dispute than the MDL Opinion and strongly support the dismissal of this action.

Respectfully submitted,

*/s/ Shannon E. McClure*

Shannon McClure

---

[2] *See, e.g.*, Dkts. 102, 109.